UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------
LUZILENIA DELVALLE, individually and on behalf of
CHRISTOPHER SPEER, and JUSTICE SPEER, infants

          Plaintiffs,

   -against-

NICHOLAS SCOPPETTA, individually and as
Commissioner; WILLIAM BELL, individually
and as Commissioner; CHRISTINE CORNWALL,
individually and as caseworker; DIONNE GILL,
individually and as supervisor; ALMA POE-REID,
individually and as manager; and CITY OF NEW YORK,

          Defendants.
-------------------------------------------------------------X

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
JAN 29 2003
BROOKLYN OFFICE

CV-02-

CV 03 0483

COMPLAINT

PLAINTIFFS DEMAND
TRIAL BY JURY

WEINSTEIN, J.

POLLAK, M.J.

Plaintiffs, appearing by their attorneys Lansner & Kubitschek, complain of defendants as follows:

### I. PRELIMINARY STATEMENT

1. This is a civil rights action, pursuant to 42 U.S.C. §1983, on behalf of a victim of domestic violence and her children. In this action plaintiffs seek damages and declaratory and injunctive relief to redress the deprivation, under color of state law, of rights secured to them under the First, Fourth, and Fourteenth Amendments of the United States Constitution. Plaintiffs also seek damages for the deprivation of their rights under New York law. Under the misnomer of "child protection," defendants routinely harass and terrorize victims of domestic violence and their children, violating their fundamental rights.



## II. JURISDICTION

2. Jurisdiction is conferred upon this court by 28 U.S.C. §1343, which provides for original jurisdiction over all actions brought pursuant to 42 U.S.C. §1983, and by 28 U.S.C. §1331, which provides jurisdiction over all cases brought pursuant to the Constitution and laws of the United States. The court has pendent jurisdiction over plaintiffs' state law claims.

## III. PARTIES

3. Plaintiff Luzilenia Delvalle is the mother of infant plaintiffs Christopher Speer, born on November 11, 1994, and Justice Speer, born on August 25, 1998.

4. Defendant City of New York ("City") is a municipal corporation, incorporated pursuant to the laws of the State of New York.

5. Defendant City's Administration for Children's Services ("ACS") is authorized by New York State law to investigate complaints of child abuse and neglect and to offer rehabilitative and preventive services to both children and parents.

6. Upon information and belief, from November, 2000, until December 31, 2001, defendant Nicholas Scoppetta was Commissioner of the Administration for Children's Services ("ACS") of the City of New York, and is sued in his individual and official capacities.

7. Upon information and belief, from January 1, 2002, through the present, defendant William Bell has been Commissioner of ACS of the City of New York, and is sued in his individual and official capacities.

8. As Commissioners of ACS, defendants Scoppetta and Bell were responsible for making and/or approving policies for ACS, including policies regarding the investigation of alleged child abuse or maltreatment, the removal and detention of children from their families, and

2

the training and supervision of employees in ACS.

9. As Commissioners of ACS, defendants Scoppetta and Bell were responsible for ACS's compliance with the Constitution, statutes, regulations, and common law of the United States and the State of New York.

10. Upon information and belief, during the months of October 31, 2001, through June 21, 2002, defendant Christine Cornwall was employed by the City of New York as a caseworker for ACS.

11. Upon information and belief, during the months of October 31, 2001, through June 21, 2002, defendant Dionne Gill was employed by the City of New York as a supervisor for ACS.

12. Upon information and belief, during the months of October 31, 2001, through June 21, 2002, defendant Alma Poe-Reid was employed by the City of New York as a manager for ACS.

## IV. FACTS

13. In October, 2001, plaintiff was living together with her children, the infant plaintiffs herein.

14. Joseph Speer, the father of infant plaintiffs Justice and Christopher Speer, did not live with plaintiff. Because Mr. Speer had previously assaulted plaintiff, plaintiff had an order of protection against Mr. Speer.

15. On October 23, 2001, Joseph Speer forced his way into plaintiff's apartment by breaking a window. Once inside, Mr. Speer assaulted plaintiff. Plaintiff called the police and asked them to arrest Mr. Speer, but he fled before the police arrived.

3

16. On October 26, 2001, Mr. Speer was admitted to NY Presbyterian Hospital, and was hospitalized for several days for chronic psychosis, substance abuse, and sociopathic symptoms.

17. Upon information and belief, a psychiatrist at NY Presbyterian Hospital called the State Central Register and reported that the infant plaintiffs were neglected because of domestic violence.

18. Upon information and belief, the report was transmitted to ACS.

19. Upon information and belief, agents and/or employees of defendant Scoppetta assigned defendant Cornwall to investigate the report.

20. Upon information and belief, agents and/or employees of defendant Scoppetta assigned defendant Gill to supervise defendant Cornwall.

21. Upon information and belief, agents and/or employees of defendant Scoppetta assigned defendant Poe-Reid to supervise defendant Gill.

22. On October 29, 2001, defendant Cornwall went to plaintiffs' home, inspected the entire apartment, and questioned plaintiff and both of the infant plaintiffs.

23. Defendant Cornwall saw that the infant plaintiffs were happy, healthy, and well cared for. Defendant Cornwall learned that Mr. Speer had forced his way into plaintiff's home, that plaintiff had called the police, that Mr. Speer was still in the hospital, and that plaintiff had an order of protection against Mr. Speer.

24. Despite that information, on October 31, 2001, defendants Cornwall, Gill, and Poe-Reid commenced child protective proceedings against plaintiff in the New York Family Court, alleged that plaintiff had neglected the infant plaintiffs by "violating the order of protection" which

4

had been issued against Mr. Speer, in that she "allowed" Mr. Speer to return to plaintiff's apartment.

25. Those allegations were false and misleading, and defendants Scoppetta, Cornwall, Gill, and Poe-Reid knew or should have known that the allegations were false and misleading.

26. Upon information and belief, on October 31, 2001, defendants Scoppetta, Cornwall, Gill, and Poe-Reid sought and obtained an order from the Family Court, authorizing defendants to remove infant plaintiffs from the custody of their mother, the plaintiff herein, and to place infant plaintiffs in foster care in the custody of defendant Scoppetta.

27. Defendants filed said petition and sought the order of removal without providing prior notice to plaintiff or the infant plaintiffs and without affording plaintiff or the infant plaintiffs an opportunity to be hear.

28. Upon information and belief, defendants obtained the order of removal based solely upon the false and misleading statements in the neglect petition.

29. Acting pursuant to said order, on October 31, 2001, defendants removed infant plaintiffs from the custody of plaintiff, and placed infant plaintiffs in foster care with strangers.

30. Subsequently, defendants moved infant plaintiffs to the home of their maternal aunt, plaintiff's sister.

31. Defendants Cornwall, Gill, and Poe-Reid removed infant plaintiffs from plaintiff's custody without probable cause to believe that infant plaintiffs were in danger.

32. Defendants Scoppetta, Bell, Cornwall, Gill, and Poe-Reid continued to prosecute plaintiff in the Family Court and to detain infant plaintiffs through June 21, 2002.

33. On June 21, 2002, the Family Court ordered the infant plaintiffs released to

5

plaintiff and made a finding of neglect against Mr. Speer. The Family Court also approved an Adjournment in Contemplation of Dismissal for plaintiff, which provides that the charges against plaintiff will automatically be dismissed on June 20, 2003.

34. Upon information and belief, the actions of defendants Cornwall, Gill and Poe-Reid were under the supervision, direction, and tacit approval of defendants Bell and Scoppetta.

35. Within ninety days after the claim herein sued upon arose, plaintiff caused a Notice of Claim in writing, sworn to by plaintiff, to be served upon defendant City of New York. Said claim has not been paid and more than 30 days have lapsed since the service of Notice.

## V. FIRST CAUSE OF ACTION

36. Plaintiffs reallege and incorporate by reference paragraphs 1 through 35.

37. Upon information and belief, defendants City, Scoppetta and Bell have a policy of removing and detaining children from mothers who are victims of domestic violence without probable cause to believe that continuing in the care of their mothers presents an imminent danger to the children's life or health, without due process of law, and based upon constitutionally inadequate investigations.

38. Acting pursuant to said policy, without probable cause to believe that continuing in the care of their mother presented an imminent danger to the children's life or health, without due process of law, and based upon a constitutionally inadequate investigation, defendants Cornwall, Gill and Poe-Reid removed infant plaintiffs from plaintiff's custody.

39. Acting pursuant to said policy, without probable cause to believe that continuing in the care of their mother presented an imminent danger to the children's life or health, without due process of law, and based on a constitutionally inadequate investigation, defendants

detained infant plaintiffs in government custody for two hundred and thirty-three days.

40. Said policy, and the removal and detention effectuated pursuant to said policy, constituted an unlawful interference with plaintiff's liberty interest in the care and custody of her children, the infant plaintiffs herein, in violation of the First and Fourteenth Amendments to the United States Constitution. Said policy, and its implementation, were gross deviations from acceptable professional conduct.

41. As a result of the defendants' policy and its implementation, plaintiff suffered the loss of freedom and of the custody and services of her children; the infant plaintiffs suffered loss of liberty and loss of the care and guidance of their mother; and all plaintiffs suffered extreme humiliation, pain and suffering, terror, mental anguish, and depression.

42. In the alternative, defendants City, Scoppetta and Bell failed to adopt policies requiring their employees to remove children only if they had probable cause to believe that continuing in the care of their mothers presents an imminent danger to the children's life or health, only if they provided due process of law to children and parents, and only if they had investigated to determine said factors. Defendants City, Scoppetta and Bell knew or should have known that said failure would cause defendants' agents and employees to remove and detain children without probable cause to believe that continuing in the care of their mothers presents an imminent danger to the children's life or health and without due process of law, in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

43. Defendants City, Scoppetta and Bell knew or should have known that their failure to adopt a policy regarding the removal of children from their parents would cause defendants' agents and employees to violate children's and parents' rights to live together as a family

without state intervention, contrary to the First and Fourteenth Amendments to the United States Constitution.

44. As a result of the defendants' actions, plaintiff suffered the loss of freedom and of the custody and services of her children; the infant plaintiffs suffered the loss of liberty and of the care and guidance of their mother; and all plaintiffs suffered extreme humiliation, pain and suffering, terror, mental anguish, and depression.

## VI. SECOND CAUSE OF ACTION

45. Plaintiffs reallege and incorporate by reference paragraphs 1 through 44.

46. Defendants City, Scoppetta and Bell provided grossly inadequate and unprofessional training and supervision to their agents and employees regarding:

    a. investigating child abuse and neglect cases involving mothers who are victims of domestic violence;

    b. determining whether there exists probable cause to believe that continuing in the care of their mothers presents an imminent danger to the children's life or health, in order to remove or detain children whose mothers are domestic violence victims;

    c. the provision of notice and an opportunity to be heard prior to the removal of children; and

    d. the constitutional rights of parents and children in child welfare investigations.

47. Defendants City, Scoppetta and Bell knew or should have known that their employees were improperly trained and supervised in said issues.

48. Defendants City, Scoppetta and Bell knew or should have known that their

8

employees would confront said issues in their work and that, without training, would make the wrong decisions on said issues.

49. By reason of their lack of training, defendants Cornwall, Gill and Poe-Reid improperly removed the infant plaintiffs from the custody of plaintiff.

50. By reason of their lack of training, defendants Cornwall, Gill and Poe-Reid detained infant plaintiffs from plaintiff for over seven months without adequate notice to plaintiff, without adequate investigation, without probable cause, and without due process of law.

51. As a result of the defendants' actions, plaintiff suffered the loss of freedom and of the custody and services of her children; the infant plaintiffs suffered the loss of liberty and of the care and guidance of their mother; and all plaintiffs suffered extreme humiliation, pain and suffering, terror, mental anguish, and depression.

## VII. THIRD CAUSE OF ACTION

52. Plaintiffs reallege and incorporate by reference paragraphs 1 through 51.

53. By removing and detaining the infant plaintiffs from plaintiff, defendants unlawfully interfered with plaintiff's custody of her minor children.

54. As a result of the defendants' actions, plaintiff suffered the loss of freedom and of the custody and services of her children; the infant plaintiffs suffered the loss of liberty and of the care and guidance of their mother; and all plaintiffs suffered extreme humiliation, pain and suffering, terror, mental anguish, and depression.

## VIII. FOURTH CAUSE OF ACTION

55. Plaintiffs reallege and incorporate by reference paragraphs 1 through 54.

56. By removing and detaining the infant plaintiffs, defendants unlawfully

imprisoned said infant plaintiffs.

57. As a result of the defendants' actions, plaintiff suffered the loss of freedom and of the custody and services of her children; the infant plaintiffs suffered the loss of liberty and of the care and guidance of their mother; and all plaintiffs suffered extreme humiliation, pain and suffering, terror, mental anguish, and depression.

## IX. FIFTH CAUSE OF ACTION

58. Plaintiffs reallege and incorporate by reference paragraphs 1 through 57.

59. All of the defendants had a duty to act with reasonable care toward plaintiffs and with the highest degree of care toward the infant plaintiffs.

60. Defendants' removal and detention of the infant plaintiffs constituted gross breaches of said duty and gross deviations from accepted professional standards.

61. As a result of the defendants' actions, plaintiff suffered the loss of freedom and of the custody and services of her children; the infant plaintiffs suffered the loss of liberty and of the care and guidance of their mother; and all plaintiffs suffered extreme humiliation, pain and suffering, terror, mental anguish, and depression.

WHEREFORE plaintiffs respectfully request that judgment be entered:

1. Awarding plaintiff and the infant plaintiffs full and fair compensatory damages as decided by the jury; and

2. Awarding plaintiff and the infant plaintiffs full and fair punitive damages as decided by the jury; and

3. Awarding plaintiff and the infant plaintiffs interest from October 31, 2001; and

4. Awarding plaintiff and the infant plaintiffs reasonable attorney fees pursuant to 42

U.S.C. §1988; and

      5.. Granting such other and further relief as this Court may deem just and proper.

Dated: New York, New York
      January 29, 2003

                                    *Carolyn A. Kubitschek*
                                    CAROLYN A. KUBITSCHEK (CK6415)
                                    LANSNER & KUBITSCHEK
                                    Attorney for Plaintiffs
                                    325 Broadway
                                    New York, New York  10007
                                    (212) 349-0900